## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------X
SENTRY SELECT INSURANCE CO. and            :
SENTRY INSURANCE A MUTUAL                   :
COMPANY,                                     :
                                             :
                                             :    Civil Action No. 06-4779
            Plaintiffs,                      :    Honorable Jan E. DuBois
                                             :
v.                                           :
                                             :
LBL SKYSYSTEMS (U.S.A.), INC., ST.          :
PAUL GUARANTEE INSURANCE                     :
COMPANY, SOLERA CONSTRUCTION,               :
INC., DCM ERECTORS, INC., ERNST &           :
YOUNG, INC., RAYMOND CHABOT, INC.,          :    ST. PAUL GUARANTEE INSURANCE
LINDA ANGELLO as COMMISSIONER OF            :    COMPANY'S ANSWER TO
THE NEW YORK DEPARTMENT OF                   :    INTERPLEADER COMPLAINT AND
LABOR, ANDREW W. ERSISTOFF as               :    CROSS-CLAIMS
COMMISSIONER OF THE NEW YORK                :
DEPARTMENT OF TAXATION AND                   :
FINANCE, and LAURENTIAN BANK OF             :
CANADA,                                      :
                                             :
                                             :
            Defendants.                      :
-------------------------------------------------------X
ST. PAUL GUARANTEE INSURANCE                :
COMPANY,                                     :
                                             :
                                             :
            Cross-Claim Plaintiff,          :
                                             :
v.                                           :
                                             :
LBL SKYSYSTEMS (U.S.A.), INC.,              :
SOLERA CONSTRUCTION, INC., DCM              :
ERECTORS, INC., ERNST & YOUNG, INC.,        :
RAYMOND CHABOT, INC., LINDA                 :
ANGELLO as COMMISSIONER OF THE              :
NEW YORK DEPARTMENT OF LABOR,               :
ANDREW W. ERSISTOFF as                       :
COMMISSIONER OF THE NEW YORK                :
DEPARTMENT OF TAXATION AND                   :
FINANCE, and LAURENTIAN BANK OF             :
CANADA,                                      :
                                             :
                                             :
            Cross-Claim Defendants.         :
-------------------------------------------------------X
```

Defendant St. Paul Guarantee Insurance Company, formerly London Guarantee Insurance Company ("St. Paul/London"), by and through its undersigned counsel, answers the Interpleader Complaint of Plaintiffs Sentry Select Insurance Co. ("Sentry Select") and Sentry Insurance Mutual Co. ("Sentry Mutual"), and asserts cross-claims against Defendants LBL Skysystems (U.S.A.), Inc., Solera Construction, Inc., DCM Erectors, Inc., Ernst & Young, Inc., Raymond Chabot, Inc., Linda Angello, as Commissioners of the New York Department of Labor, Andrew W. Ersistoff, as Commissioner of the New York Department of Taxation and Finance, and Laurentian Bank of Canada, as follows:

**<u>ANSWER</u>**

1.     Admitted.

2.     Admitted on information and belief.

3.     Admitted on information and belief.

4.     Admitted.

5.     Admitted.

6.     Admitted on information and belief.

7.     Admitted on information and belief.

8.     Admitted on information and belief.

9.     Admitted on information and belief.

10.    Admitted on information and belief.

11.    Admitted on information and belief.

12.    Admitted on information and belief.

13.    Admitted.

14.    Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Admitted that the "St. Paul Guarantee Dec Action" sought declaratory relief as described with regard to the security interest and lien in favor of St. Paul/London, and respectfully refers the Court thereto for the contents thereof.  However, the Dec Action was voluntarily dismissed without prejudice as a result of this Court's entry of the Temporary Restraining Order dated October 26, 2006, and this Court's further indication during a telephonic hearing on October 26, 2006, that this Court had assumed jurisdiction over this dispute and that its Order enjoined the parties from litigating the issue of priority of claims to the Judgment proceeds and to the supersedeas bond in other courts.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted, except that the name of the Canadian corporation is LBL SkySystems Corporation.

32.     Admitted that Ernst & Young, Inc. was appointed as interim receiver.  Denied as to the remaining allegations.

33.     Admitted on information and belief that the tax lien notice was filed by the New York Department of Taxation and Finance.  Denied as to the remaining allegations.

34.     Admitted on information and belief that the judgment was filed by the New York Commissioner of Labor.  Denied as to the remaining allegations.  It is averred that the judgment has been satisfied.

35.     Admitted on information and belief that the Financing Statement was filed by or on behalf of Laurentian Bank.  Denied as to the remaining allegations.  It is averred that Laurentian Bank has subordinated to St. Paul/London its interest in the LBL's accounts for all projects for which St. Paul/London furnished bonding, including, in particular, the Philadelphia International Airport project and that, in any case, any interest of Laurentian Bank is subordinate to the interest of St. Paul/London as described above because Laurentian Bank's Financing Statement has expired.

36.     Admitted.

37.     Admitted on information and belief.

38.     Admitted on information and belief.

39.     Admitted on information and belief.

WHEREFORE, St. Paul/London respectfully prays for the following relief:

A.      That the Court permit Sentry to interplead the subject funds;

B.      That the Court give St. Paul/London the opportunity to prosecute its claim to the interpleaded funds;

C.      That the Court enter a judgment and order declaring that St. Paul Guarantee Insurance Company has a valid, enforceable, and effective interest in the supersedeas bond and the interpleaded funds, with priority over all other interests therein, and ordering the immediate turnover of all such funds to St. Paul Guarantee Insurance Company; and

D.      That the Court award St. Paul/London such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

St. Paul/London hereby asserts cross-claims against Defendants LBL Skysystems (U.S.A.), Inc.; DCM Erectors, Inc. ("DCM") and Solera Construction, Inc. ("Solera") (sometimes referred to jointly as "Solera/DCM"); Ernst & Young, Inc. ("E&Y"); Raymond Chabot, Inc. ("Chabot"); Linda Angello, as Commissioner of the New York State Department of Labor ("NY Dept. of Labor"); Andrew W. Eristoff, as Commissioner of the New York State Department of Taxation and Finance ("NY Dept. of Taxation"); and Laurentian Bank of Canada ("Laurentian Bank") (collectively, the "Cross-Claim Defendants"), for declaratory relief to establish the priority of St. Paul/London's claim to the proceeds of LBL's judgment against Sentry Select Insurance Co. and the funds sought to be interpleaded into this Court by Sentry Select Insurance Company and/or Sentry Insurance a Mutual Company in the above-captioned Interpleader Action, based upon St. Paul/London's perfected security interest in LBL's assets, alleging as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the Interpleader Action pursuant to 28 U.S.C. § 1332(a) because the citizenship of Plaintiffs Sentry Select and Sentry Mutual is completely diverse from the citizenship of the Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      This Court has supplemental jurisdiction over St. Paul/London's cross-claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims in the Interpleader Action that they form part of the same case or controversy.

3.      Venue is proper under 28 U.S.C. § 1391(a) because the property that is the subject of the Interpleader Action (the interpleaded funds) is located in this district.

## THE PARTIES

4.      St. Paul/London is a company organized under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada.

5.      LBL is a corporation organized under the laws of New York and has ceased doing business.  LBL's last principal place of business was in Plattsburgh, New York.

6.      On information and belief, Solera is a corporation organized under the laws of New York, with its principal place of business in New Rochelle, New York.

7.      On information and belief, DCM is a corporation organized under the laws of New York, with its principal place of business in New York, New York.

8.      On information and belief, E&Y is a corporation organized under the laws of Canada, with a place of business located in Montreal, Quebec, Canada.

9.      On information and belief, Chabot is a corporation organized under the laws of Canada, with a place of business located in Montreal, Quebec, Canada.

10.     On information and belief, Linda Angello is the Commissioner of the New York State Department of Labor, with an office located in Albany, New York.

11.     On information and belief, Andrew W. Eristoff is the Commissioner of the New York State Department of Taxation and Finance, with an office located in Albany, New York.

## FACTS

### St. Paul/London's Perfected Security Interest

12.     On April 16, 1998, St Paul, through its predecessor London Guarantee, entered into an Indemnity and Security Agreement (the "Security Agreement") with LBL and others, pursuant to which St. Paul/London obtained a security interest in, among other things, all of the contracts entered into by LBL for which St. Paul/London issued surety bonds guaranteeing LBL's performance thereunder (the "Bonded Contracts").  *See* Security Agreement (in French with an English translation), attached hereto as Exhibit A.  Specifically, the Security Agreement grants St. Paul/London a security interest in the following assets of LBL:

> a.     all of the claims and debts arising out of a Bonded Contract, including all sums due under a Bonded Contract or sub-contract;
>
> b.     all of the sub-contracts and supply contracts that LBL has granted or will grant, including all guarantees and warranties attached thereto, relating to the execution of a Bonded Contract;
>
> c.     any bond issued to guarantee the obligations of LBL's sub-contractors or suppliers;
>
> d.     all of LBL's property, assets, rights and undertakings of any kind, at any time, wherever situated; and

     e.     all proceeds and personal property in any form, derived directly or indirectly from any dealing with the Collateral (defined in the Security Agreement to include, *inter alia*, all of the foregoing) (collectively, "LBL's Assets"). *See* Security Agreement ¶ 20 (Exhibit A). The Security Agreement also grants St. Paul/London an irrevocable power of attorney to, among other things, enforce the security interests granted by the Security Agreement. *Id.* ¶ 30.

13.     St. Paul/London's security interest in LBL's Assets attached and was properly perfected, including by the filing of a UCC-1 Financing Statement with the State of New York Department of State on November 4, 2002. *See* UCC-1 Financing Statement and the Information Request Response, attached hereto as Exhibit B. The financing statement properly names LBL as the "debtor" thereunder in light of LBL's official name change in October 1998. A copy of documentation reflecting the name change is attached at Exhibit C.

14.     LBL is indebted to St. Paul/London for approximately $13 million in connection with bonds that St. Paul/London issued to guarantee LBL's work on various construction projects. Under the terms of the Security Agreement, LBL is obliged to indemnify St. Paul/London for those losses. This obligation is secured by St. Paul/London's security interest in LBL's Assets.

15.     On information and belief, LBL has ceased doing business and does not have assets sufficient to satisfy all of its debts to St. Paul/London and other creditors of LBL. On information and belief, with the exception of certain accounts receivable believed to total approximately $100,000, LBL's Pennsylvania Judgment, described below, is LBL's only asset.

## LBL's Pennsylvania Judgment

16.     In July 2002, LBL filed a breach of contract action in the United States District Court for the Eastern District of Pennsylvania against one of its sub-contractors and its sub-contractor's surety, APG-America, Inc. ("APG-America") and Sentry Select Insurance Company ("Sentry"), respectively, in connection with a Bonded Contract for the construction of a new terminal and the renovation of another terminal at the Philadelphia International Airport.  *See LBL Skysystems (U.S.A.), Inc. v. APG-America, Inc. and Sentry Select Insurance Company*, No. 02-5379 (E.D. Pa.) (DuBois, J.).

17.     On or about September 6, 2006, LBL obtained a judgment ("LBL's Pennsylvania Judgment") against APG-America and Sentry in the amount of $1,566,381.00.  *See* LBL's Pennsylvania Judgment, attached hereto as Exhibit D.

18.     On or about September 18, 2006, Sentry filed a supersedeas bond with the Pennsylvania Court, which stayed LBL's enforcement of its judgment pending appeal by APG-America and Sentry.  APG-America and Sentry did not appeal LBL's Pennsylvania Judgment, and the time for doing so has now expired.

19.     LBL's Pennsylvania Judgment and the proceeds and supporting obligations of LBL's Pennsylvania Judgment each constitute LBL's Assets and are, therefore, covered by the Security Agreement.

20.     St. Paul/London has an attached and properly-perfected, first priority security interest and lien in and on LBL's Pennsylvania Judgment, any rights thereunder, and any proceeds and supporting obligations thereof to secure the debt that LBL owes to St. Paul/London.  *See* New York Uniform Commercial Code, Art. 9.

21.    On information and belief, Plaintiff Sentry Select Insurance Co. and/or Sentry Insurance a Mutual Company will deposit into the control of this Court, or will have so deposited by the time of this filing, funds (the "Interpleaded Funds") sufficient to satisfy the full (principal and interest) amount of LBL's Pennsylvania Judgment.

22.    On information and belief, the Cross-Claim Defendants of this Interpleader Action either: (a) do not assert a claim to the funds interpleaded by Plaintiffs, or (b) if they do assert a claim, stand in positions inferior to that of St. Paul/London. Based upon its prior perfected security interest, St. Paul/London's security interest and lien have absolute priority to the Interpleaded Funds over all competing interests of LBL's other creditors.

## Inferior Interests of Cross-Claim Defendants

### Raymond Chabot, Inc.

23.    LBL Skysystems Corporation is the Canadian corporate parent of LBL. Chabot is the Trustee of the Estate of LBL Skysystems Corporation, which is subject to insolvency proceedings in Canada.

24.    In its capacity as Trustee of LBL Skysystems Corporation, Chabot has disclaimed any interest in the proceeds of LBL's Pennsylvania Judgment. A copy of the "Solemn Declaration", signed under oath by Jean Gagnon on November 1, 2006, on behalf of Chabot, and confirming that Chabot has no claim in the Interpleaded Funds, is attached hereto as Exhibit E.

### Ernst & Young, Inc.

25.    In connection with the insolvency proceedings of LBL Skysystems Corporation (the Canadian parent) and LBL, E&Y was appointed the interim receiver for the property of both LBL Skysystems Corporation  and LBL.

26.     E&Y, as receiver for LBL, has no rights to LBL's Assets separate and apart from that of LBL itself.  Therefore, insofar as LBL has pledged or hypothecated its assets to creditors, including St. Paul/London, E&Y, as receiver, does not have a position superior to that of any creditor who has a valid, perfected lien on LBL's Assets.   The receivership creates no impediment to this Court's full adjudication of this matter.

## LBL

27.     St. Paul/London's security interest in and lien on the Pennsylvania Judgment, and all proceeds and supporting obligations thereof, including the Interpleaded Funds, is attached and perfected.

28.     The indebtedness owed to St. Paul/London by LBL exceeds $13 million, is past due, outstanding, immediately due and payable, and is secured by the security interest described above.

29.     Under applicable law, St. Paul/London has the right to the immediate possession and benefit of the Pennsylvania Judgment, and all proceeds and supporting obligations thereof (and all proceeds of such supporting obligations) including, without limitation, the Interpleaded Funds.

30.     These rights are superior to any rights of LBL.

## Laurentian Bank

31.     In or about November 2002, while LBL was subject to insolvency proceedings, St. Paul/London, Laurentian Bank and E&Y entered into an agreement whereby St. Paul/London advanced monies to E&Y, as receiver, to finance the on-going operations of LBL.  Although Laurentian Bank previously had acted as a lender to LBL, Laurentian Bank was reluctant to advance further monies to LBL because of LBL's insolvent condition.  St. Paul/London, which

had previously issued surety bonds for LBL contracts (the Bonded Contracts), was, however, willing to extend financing for the projects that it had bonded, provided that St. Paul/London received adequate security. Therefore, in exchange for St. Paul/London's advancing operating funds for LBL, Laurentian Bank agreed to assign to St. Paul/London its security interest in the accounts of LBL for all of the projects for which St. Paul/London had issued surety bonds.

32.     The Philadelphia International Airport project, which gave rise to LBL's Pennsylvania Judgment, was one of St. Paul/London's Bonded Contracts. Therefore, Laurentian Bank has assigned any interest it has in LBL's accounts for this project, and has no valid claim to the Interpleaded Funds.

33.     Moreover, even if Laurentian Bank had not assigned its interest to St. Paul/London, Laurentian Bank does not have a perfected security interest in the Interpleaded Funds superior to that of St. Paul/London. Before its agreement with St. Paul/London and E&Y, Laurentian Bank, as LBL's lender, had acquired a security interest in LBL assets, which it had perfected by filing two UCC-1 Financing Statements with the State of New York Department of State.

34.     Under applicable New York law, the filing of a UCC-1 Financing Statement perfects security interest for a period of five (5) years. If the secured party fails to file a continuation statement within the five-year period (but no earlier than six months prior to expiration of such period), its security interest loses priority over competing security interests that were properly perfected as of the date of expiration.

35.     Laurentian Bank did not so continue the perfection of its security interest in LBL's Assets upon the expiration of five years after the filing of its last-filed UCC-1 Financing Statements. Accordingly, assuming Laurentian Bank had not assigned its interest in the Bonded

Contracts to St. Paul/London, Laurentian Bank's no-longer perfected security interest in LBL's assets would nevertheless be inferior to St. Paul/London's security interest, which was properly perfected on November 4, 2002, and maintained perfection continuously thereafter.

### New York State Department of Labor

36.     On information and belief, the NY Dept. of Labor obtained a warrant (judgment) against LBL on June 19, 2006.

37.     The warrant against LBL has been satisfied, as evidenced by the Satisfaction of Judgment dated September 12, 2006, attached hereto as Exhibit F

### New York State Department of Taxation and Finance

38.     On information and belief, the NY Dept. of Taxation may have a basis to assert a claim to some portion of the Interpleaded Funds.

39.     However, the NY Dept. of Taxation has represented that it has "decided not to participate in the above titled Interpleader action".  A copy of the letter dated November 1, 2006, to counsel for St. Paul/London, Laura M. Vasey, Esq., from Donald H. Bray, Senior Attorney, indicating the position of the NY Dept. of Taxation, is attached hereto as Exhibit G.

### Solera /DCM's New York Judgment

40.     On May 30, 2006, Solera/DCM obtained a judgment ("New York Judgment") by default against LBL in the United States District Court for the Eastern District of New York in the amount of $4,092,237.07 (the principal amount plus interest).  *See* New York Judgment, attached hereto as Exhibit H.

41.     Thereafter, Solera/DCM has taken steps in the states of New York, New Jersey, and Pennsylvania to enforce the New York Judgment against assets of LBL, including:

a.    registering the New York Judgment in the United States District Court for the District of New Jersey on September 1, 2006. *See* Solera/DCM's Registration of Judgment, attached hereto as Exhibit I, causing a writ of execution to be issued by the New Jersey District Court on September 26, 2006, and thereafter delivering the writ of execution to the United States Marshal for the District of New Jersey (the "New Jersey Marshal") to levy the property of APG-America and Sentry; and

b.    petitioning the Pennsylvania District Court by letter dated September 26, 2006, to assign the LBL Pennsylvania Judgment to Solera/DCM, indicating that Solera/DCM had directed the New Jersey Marshal to serve a writ of execution on APG-America and stating its intent to ask the United States Marshal for the Eastern District of Pennsylvania (the "Pennsylvania Marshal") to attach the supersedeas bond posted by Sentry, pending appeal of the Pennsylvania Judgment. *See* September 26, 2006 Letter from Edward J. Henderson, Esq., attached hereto as Exhibit J.

42.    St. Paul/London's security interest and lien in and on LBL's Assets take precedence over any interest to the Interpleaded Funds arising under the New York Judgment because, among other reasons, St. Paul/London properly perfected its above-described security interest prior to Solera/DCM obtaining the New York Judgment.

**COUNT I**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**(Against All Other Named Defendants as Cross-Claim Defendants)**

43.    St. Paul/London repeats and realleges the allegations set forth in paragraphs 1 through 42, as if fully set forth herein.

44.    A dispute has arisen between St. Paul/London and Solera/DCM as to the validity and enforceability of St. Paul/London's prior-perfected security interest and lien in and on LBL's Assets established by, *inter alia*, the Security Agreement and the UCC-1 Financing Statement.

45.    Although not presently anticipated by St. Paul/London, Cross-Claim Defendants in this interpleader action other than Solera/DCM may also attempt to assert claims to the Interpleaded Funds.

46.    St. Paul/London therefore seeks legal confirmation that its prior-perfected security interest and lien in and on LBL's Assets secure LBL's indebtedness to St. Paul/London and take precedence over and have absolute priority to any interest arising under the New York Judgment or otherwise in favor of any Cross-Claim Defendant hereto.

47.    The UCC-1 Financing Statements of Laurentian Bank, filed on December 8, 1999 and on February 10, 2000, have expired, and, therefore any interest that Laurentian Bank might assert against LBL's Assets (notwithstanding Laurentian Bank's prior assignment to St. Paul/London) would be inferior to the prior-perfected security interest and lien of St. Paul/London.

48.    The Security Agreement and St. Paul/London's filing of a UCC-1 Financing Statement on November 4, 2002, prior to the date on which Solera/DCM obtained the New York Judgment against LBL, establish the priority of St. Paul/London's security interest and lien in and on LBL's Assets over any interest arising from Solera/DCM's New York Judgment.

49.    Accordingly, St. Paul/London seeks a declaration that:

      i.    the Security Agreement entered into between St. Paul/London (through its predecessor, London Guarantee) establishes a valid security interest and

lien in and on LBL's Assets including any proceeds and supporting obligations;

ii.     St. Paul/London's security interest and lien secure the indebtedness of LBL to St. Paul/London, which is currently due and outstanding in an amount in excess of the amount of the Pennsylvania Judgment and the New York Judgment combined;

iii.    St. Paul/London's security interest and lien were, have been continuously, and remain attached and properly perfected by the filing of a UCC-1 Financing Statement with the Secretary of State of the State of New York Department of State and under applicable law;

iv.     Because St. Paul/London properly perfected its security interest and lien in and on LBL's Assets on November 4, 2002, prior to the entry of Solera/DCM's New York Judgment against LBL on May 30, 2006, St. Paul/London's security interest and lien in and on the Pennsylvania Judgment, the rights thereunder, and the proceeds thereof have priority over any interest of Solera/DCM or otherwise arising from the New York Judgment against LBL; and

v.      St. Paul/London's security interest and lien is superior to any claim to the Interpleaded Funds that might be advanced by any Cross-Claim Defendant to this action.

50.     Because Solera/DCM has indicated that it intends to enforce the New York Judgment by seeking to levy upon assets in which St. Paul/London has a priority interest, absent an adjudication of the validity and enforceability of St. Paul/London's prior security interest and

lien, St. Paul/London would be irreparably harmed by Solera/DCM's attempted enforcement of the New York Judgment against the limited assets of LBL.

51.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to determine the rights, obligations, and liabilities that exist between and among the parties to this action.

WHEREFORE, Cross-Claim Plaintiff St. Paul Guarantee Insurance Company respectfully prays for judgment in its favor and against all Cross-Claim Defendants, declaring that St. Paul Guarantee Insurance Company has a perfected security interest and lien in and on LBL's Pennsylvania Judgment, the rights thereunder, and the proceeds and supporting obligations thereof, which take precedence over and are prior to any interest of any kind of every other Cross-Claim Defendant, and of Plaintiffs Sentry Select and Sentry Mutual, and for such other and further relief as the Court deems just and proper.

## COUNT II
## JUDGMENT FOR INTERPLEADED FUNDS
### (Against All Other Named Defendants as Cross-Claim Defendants)

52.     St. Paul/London repeats and realleges the allegations set forth in paragraphs 1 through 51, as if fully set forth herein.

53.     In that St. Paul/London is entitled to recover the Interpleaded Funds in partial satisfaction of LBL's indebtedness to St. Paul/London, it is entitled to judgment in its favor, directing disbursement of the Interpleaded Funds, in their entirety, without any reduction of any kind, to St. Paul/London.

WHEREFORE, Cross-Claim Plaintiff St. Paul Guarantee Insurance Company respectfully prays for judgment in its favor and against all Cross-Claim Defendants for the Interpleaded Funds, and against Plaintiffs Sentry Select and Sentry Mutual, and a direction to the

holder of the Interpleaded Funds to disburse them to St. Paul Guaranty Insurance Company, and

for such other and further relief as the Court deems just and proper.

Dated: November 13, 2006                          FINEMAN KREKSTEIN & HARRIS, P.C.


                                                  /s/ MSS 3356_____
                                                  Michael Saltzman, Esq. (MSS 3356)
                                                  30 South 17th Street
                                                  Suite 1800
                                                  Philadelphia, PA  19103
                                                  215-893-9300

                                                  *Of Counsel*:

                                                  Laura M. Vasey, Esq. (admitted *pro hac vice*)
                                                  William M. Hawkins, Esq.
                                                  LOEB & LOEB, LLP
                                                  345 Park Avenue
                                                  New York, New York 10154
                                                  (212) 407-4000 (telephone)
                                                  (212) 407-4990 (fax)

                                                  ***Attorneys for Defendant and Cross-Claim
                                                  Plaintiff St. Paul Guarantee Insurance
                                                  Company***