IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------- x

SENTRY SELECT INSURANCE CO. and
SENTRY INSURANCE A MUTUAL COMPANY,

                      Plaintiffs,

v.

LBL SKYSYSTEMS (U.S.A.), INC., ST. PAUL
GUARANTEE INSURANCE COMPANY, SOLERA
CONSTRUCTION, INC., DCM ERECTORS, INC.,
ERNST & YOUNG, INC., RAYMOND CHABOT,
INC., LINDA ANGELLO as COMMISSIONER OF
THE NEW YORK DEPARTMENT OF LABOR,
ANDREW W. ERISTOFF as COMMISSIONER OF
THE NEW YORK DEPARTMENT OF TAXATION
AND FINANCE, and LAURENTIAN BANK OF
CANADA,

                      Defendants.

Civil Action No. 06-4779
Honorable Jan E. DuBois

**ANSWER, RESPONSE AND
CROSS-CLAIM OF SOLERA
CONSTRUCTION, INC. AND
DCM ERECTORS, INC. TO
COMPLAINT AND CROSS-
CLAIMS**

---------------------------------------------------------------------- x

ST. PAUL GUARANTEE INSURANCE COMPANY,
LBL SKYSYSTEMS (U.S.A.), INC., SOLERA
CONSTRUCTION, INC., and DCM ERECTORS, INC.,

                      Cross-Claim Defendants.

---------------------------------------------------------------------- x

Defendants Solera Construction, Inc. ("Solera") and DCM Erectors, Inc.

("DCM"), a Joint Venture ("Solera/DCM"), by and through their undersigned attorneys,

respectfully submit their (i) answer to the Interpleader Complaint (the "Complaint") of Sentry

Select Insurance Co. and Sentry Insurance a Mutual Company (collectively, "Sentry"); (ii)

answer and response to Cross-Claims of St. Paul Guarantee Insurance Company ("St. Paul")

against Defendants LBL Skysystems (U.S.A.), Inc., Solera Construction, Inc., DCM Erectors,

Inc., Ernst & Young, Inc., Raymond Chabot, Inc., Linda Angello, as Commissioner of the New

York Department of Labor, Andrew W. Eristoff, as Commissioner of the Department of

Taxation and Finance, and Laurentian Bank of Canada (the "St. Paul Cross-Claim"); (iii) answer

and response to Cross-Claim of LBL Skysystems (U.S.A.), Inc. (the "LBL Cross-Claim"); and

(iv) cross-claim setting forth Solera/DCM's claim to certain funds sought to be interplead into

this Court by Sentry (the "Solera/DCM Cross-Claim").

By Stipulation and Order Granting Interpleader Relief, Directing Interpleader

Among Defendants and Setting Application for Plaintiffs' Fees and Expenses entered by this

Court on November 20, 2006, this Court ordered (1) that Ernst & Young, Inc., Raymond Chabot,

Inc., Linda Angello, as Commissioner of the New York Department of Labor, Andrew W.

Eristoff, as Commissioner of the Department of Taxation and Finance, and Laurentian Bank of

Canada had waived any claim to the funds at issue in this interpleader matter as well as the right

to appear and participate in these proceedings; and (2) that the interpleader relief was granted

and interpleader plaintiffs were relieved, released and discharged from any further obligation or

liability. Defendant Solera/DCM, without intending in any way to disregard this Court's Order,

respectfully states as follows:

## I.    ANSWER TO COMPLAINT

### NATURE OF THE ACTION

1.    Solera/DCM admits the allegations of paragraph "1" of the Complaint.

### PARTIES

2.    Solera/DCM denies knowledge and information sufficient to form a belief

as to the truth of the allegations contained in paragraphs "2" through "5" of the Complaint.

3.    Solera/DCM admits the allegations of paragraphs "6" and "7" of the

Complaint.

4.   Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8" and "9" of the Complaint.

5.   Solera/DCM admits the allegations of paragraph "10" of the Complaint.

6.   Solera/DCM denies the allegations of paragraph "11" of the Complaint, except admits that Andrew S. Eristoff was the former Commissioner of the New York State Department of Taxation and Finance, with an office located in Albany, New York.

7.   Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

## JURISDICTION AND VENUE

8.   Solera/DCM denies the allegations of paragraph "13" of the Complaint except admits that subject matter jurisdiction of this action is conferred upon this court by reason of 28 U.S.C. §1332(a) and Rule 22 of the Federal Rules of Civil Procedure and that the amount in controversy exceeds $75,000.00.

## FACTS

9.   Solera/DCM admits the allegations of paragraphs "14" through "17" of the Complaint.

10.   Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint, except admits that pre-judgment interest at a rate of six percent per annum was to be added to the amount of the judgment.

11.   Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

12.    Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint, except admits that Sentry caused a *supersedeas* bond dated September 15, 2006 to be filed in this Court in the amount of $1,900,000 which was docketed on September 18, 2006.

13.    In responding to paragraphs "21" through "24" of the Complaint, Solera/DCM refers to the particular documents attached for the precise terms thereof and otherwise denies the allegations of paragraphs "21" through "24" of the Complaint.

14.    Solera/DCM denies the allegations of paragraph "25" of the Complaint, except admits that on or about October 19, 2006, a writ of execution was issued by this Court as to LBL Skysystems (U.S.A.), Inc. in Case No. 06-mc-00163-UJ.

15.    Solera/DCM admits the allegations of paragraph "26" of the Complaint.

16.    Solera/DCM denies the allegations of paragraph "27" of the Complaint, except admits that in the proceedings in the United States District Court for the Eastern District of New York, St. Paul sought a declaratory judgment that its alleged security interest in assets of LBL had priority over the interests of Solera/DCM.

17.    Solera/DCM admits the allegations of paragraphs "28" and "29" of the Complaint.

18.    Solera/DCM admits that on October 24, 2006, Torys LLP, as counsel for Solera/DCM sent a letter to the U.S. Marshall for the Eastern District of Pennsylvania, a copy of which is attached as Exhibit G to the Complaint (the "October 24 Letter"). Solera/DCM refers to the October 24 Letter for the precise terms thereof and otherwise denies the allegations of paragraph "30" of the Complaint.

19.    Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "31" through "35" of the Complaint.

20.    Solera/DCM admits the allegations of paragraph "36" of the Complaint.

21.    Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

22.    To the extent any response is called for, Solera/DCM denies the allegations of paragraphs "38" and "39" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE TO COMPLAINT

23.    Venue in this district is improper.  This action should be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1404 and 1406.

## II.   ANSWER AND RESPONSE TO ST. PAUL CROSS-CLAIMS

1.      Paragraphs "1" through "3" of the St. Paul Cross-Claims asserts legal conclusions as to which no response is required.

2.      Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the St. Paul Cross-Claims.

3.      Solera/DCM admits the allegations of paragraphs "6" and "7" of the St. Paul Cross-Claims.

4.      Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8" through "12" of the St. Paul Cross-Claims.

5.      Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the St. Paul Cross-Claims and refers to the copy of the UCC-1 Financing Statement for the precise terms thereof.

6.      Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14" and "15" of the St. Paul Cross-Claims.

7.      Solera/DCM denies the allegations of paragraph "16" of the St. Paul Cross-Claims except admits that on or about July 25, 2002, LBL Skysystems (U.S.A.), Inc. instituted an action (Case No. 02-5379) in the United States District Court for the Eastern District of Pennsylvania claiming damages for breach of contract against one of its sub-

contractors, APG-America, Inc. in connection with a construction project at the Philadelphia Airport.

8.      Solera/DCM denies the allegations of paragraph "17" of the St. Paul Cross-Claims except admits that on or about September 7, 2006, the United States District Court for the Eastern District of Pennsylvania, in Case No. 02-5379, issued an Order (the "September 7, 2006 Order") in favor of LBL Skysystems (U.S.A.), Inc. and against APG-America, Inc. and Sentry Select Insurance Company in the amount of $1,566,381.00.

9.      Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the St. Paul Cross-Claims, except admits that Sentry's filing of a *supersedeas* bond with the United States District Court for the Eastern District of Pennsylvania was docketed on September 18, 2006 in the amount of $1,900,000. Solera/DCM further admits that, on information and belief, APG-America, Inc. and Sentry did not appeal the September 7, 2006 Order.

10.     Solera/DCM denies the allegations of paragraph "19" of the St. Paul Cross-Claims.

11.     Paragraph "20" of the St. Paul Cross-Claims asserts legal conclusions as to which no response is required. To the extent a response is required, Solera/DCM denies the allegations of paragraph "20" of the St. Paul Cross-Claims.

12.     Solera/DCM admits the allegations of paragraph "21" of the St. Paul Cross-Claims.

13.     Paragraph "22" of the St. Paul Cross-Claims asserts legal conclusions as to which no response is required.  To the extent a response is required, Solera/DCM denies the

allegations of paragraph "22" of the St. Paul Cross-Claims except admits that certain of the Cross-Claim Defendants may not assert claims to the funds interpleaded by Sentry.

       14.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the St. Paul Cross-Claims.

       15.     In responding to paragraph "24" of the St. Paul Cross-Claims, Solera/DCM refers to the Solemn Declaration of Jean Gagnon for the precise terms thereof, a copy of which is attached as Exhibit E to the St. Paul Cross-Claims.

       16.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the St. Paul Cross-Claims.

       17.     Paragraphs "26" through "30" of the St. Paul Cross-Claims assert legal conclusions as to which no response is required.  To the extent a response is required, Solera/DCM denies the allegations of paragraphs "26" through "30" of the St. Paul Cross-Claims.

       18.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the St. Paul Cross-Claims.

       19.     Solera/DCM denies the allegations of paragraph "32" of the St. Paul Cross-Claims.

       20.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the St. Paul Cross-Claims.

       21.     Solera/DCM admits the allegations of paragraph "34" of the St. Paul Cross-Claims.

       22.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph "35" of the St. Paul Cross-Claims.

23.     Solera/DCM admits the allegations of paragraph "36" of the St. Paul Cross-Claims.

24.     Solera/DCM refers to the Satisfaction of Judgment, a copy of which is attached as Exhibit F to the St. Paul Cross Claims, for the precise terms thereof in response to the allegations of paragraph "37" of the St. Paul Cross-Claims.

25.     Solera/DCM admits the allegations of paragraph "38" of the St. Paul Cross-Claims.

26.     Solera/DCM refers to the November 1, 2006 letter from the State of New York Department of Taxation and Finance to Lara M. Vasey, a copy of which is attached as Exhibit G to the St. Paul Cross Claims, for the precise terms thereof in response to the allegations of paragraph "39" of the St. Paul Cross-Claims.

27.     Solera/DCM admits the allegations of paragraphs "40" and "41" of the St. Paul Cross-Claims.

28.     Paragraph "42" of the St. Paul Cross-Claims asserts legal conclusions as to which no response is required.  To the extent a response is required, Solera/DCM denies the allegations of paragraph "42" of the St. Paul Cross-Claims.

29.     Responding to the allegations of paragraph "43" of the St. Paul Cross-Claims, Solera/DCM repeats and re-alleges its answers and responses to paragraphs "1" through "42".

30.     Solera/DCM denies the allegations of paragraph "44" of the St. Paul Cross-Claims, except admits that there is a dispute between St. Paul and Solera/DCM as to the validity and enforceability of St. Paul's alleged security interest in the assets of LBL Skysystems (U.S.A.), Inc.

31.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the St. Paul Cross-Claims.

32.     Paragraphs "46" through "51" of the St. Paul Cross-Claims assert legal conclusions as to which no response in required.  To the extent a response is required, Solera/DCM denies the allegations of paragraphs "46" through "51" of the St. Paul Cross-Claims.

33.     Responding to the allegations of paragraph "52" of the St. Paul Cross-Claims, Solera/DCM repeats and re-alleges its answers and responses to paragraphs "1" through "51".

34.     Paragraph "53" of the St. Paul Cross-Claims asserts legal conclusions as to which no response in required.  To the extent a response is required, Solera/DCM denies the allegations of paragraph "53" of the St. Paul Cross-Claims.

### FIRST AFFIRMATIVE DEFENSE TO ST. PAUL CROSS-CLAIMS

35.     Venue in this district is improper.  This action should be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1404 and 1406.

### SECOND AFFIRMATIVE DEFENSE TO ST. PAUL CROSS-CLAIMS

36.     The St. Paul Cross-Claims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE TO ST. PAUL CROSS-CLAIMS

37.     St. Paul is barred by laches from any relief sought in the St. Paul Cross-Claims.

## FOURTH AFFIRMATIVE DEFENSE TO ST. PAUL CROSS-CLAIMS

38.    The granting and perfection of security interests to St. Paul constituted fraudulent conveyances.

### III.   ANSWER AND RESPONSE TO LBL CROSS-CLAIM

1.     Responding to the allegations of paragraph "1" of the LBL Cross-Claim, Solera/DCM repeats and re-alleges its answers and responses to paragraphs "1" through "19" of the St. Paul Cross-Claims.

2.     Solera/DCM denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2" through "5" of the LBL Cross-Claim.

### FIRST AFFIRMATIVE DEFENSE TO LBL CROSS-CLAIM

3.     Venue in this district is improper.  This action should be transferred to the United States District Court for the Eastern District of New York  pursuant to 28 U.S.C. §§1404 and 1406.

### SECOND AFFIRMATIVE DEFENSE TO LBL CROSS-CLAIM

4.     The LBL Cross-Claim fails to state a claim upon which relief can be granted.

## IV.    SOLERA/DCM CROSS-CLAIM

Solera Construction, Inc. ("Solera") and DCM Erectors, Inc. ("DCM"), a Joint

Venture ("Solera/DCM"), as and for its cross-claim against interpleader defendants LBL

Skysystems (U.S.A.), Inc. ("LBL"), St. Paul Guarantee Insurance Company ("St. Paul"), Ernst &

Young, Inc. ("E&Y"), Raymond Chabot, Inc. ("Raymond Chabot"), Linda Angello, as

Commissioner of the New York Department of Labor, Andrew S. Ersistoff, as Commissioner of

the New York Department of Taxation and Finance, and Laurentian Bank of Canada

("Laurentian Bank") and asserting a claim against the funds interplead into this Court (the

"Interpleaded Funds") in the interpleader action commenced by Sentry Select Insurance Co. and

Sentry Insurance a Mutual Company (Civ. Action No. 06-cv-4779) (the "Interpleader Action"),

respectfully state:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the Interpleader Action

pursuant to 28 U.S.C. §1332(a).

2.      This Court has supplemental jurisdiction over the Solera/DCM Cross-

Claim pursuant to 28 U.S.C. §1367(a) as the Solera/DCM Cross-Claim is so related to the claims

in the Interpleader Action that they form part of the same case or controversy.

### PARTIES

3.      Solera/DCM is a business with offices in New York, New York.  The joint

venture principals, Solera and DCM, are New York corporations, generally engaged in

construction in New York, with separate specialties in complex high-rise curtain wall

installation, rigging, miscellaneous metals and structural steel erection.

4.      Upon information and belief, LBL is a corporation organized under the laws of the State of New York.  Upon information and belief, LBL has ceased doing business and its last known principal place of business was in Plattsburg, New York.

5.      Upon information and belief, St. Paul is a company organized under the laws of Canada, with its principal place of business in Toronto, Canada.

6.      Upon information and belief, E&Y is a corporation organized under the laws of Canada with a place of business located in Montreal, Quebec, Canada.

7.      Upon information and belief, Raymond Chabot is a corporation organized under the laws of Canada with a place of business located in Montreal, Quebec, Canada.

8.      Upon information and belief, Linda Angello is the Commissioner of the New York State Department of Labor, with an office located in Albany, New York.

9.      Upon information and belief, Andrew S. Eristoff was the former Commissioner of the New York State Department of Taxation and Finance, with an office located in Albany, New York.  The current Acting Commissioner of the New York State Department of Taxation and Finance is Barbara G. Billet.

10.     Upon information and belief, Laurentian Bank is a corporation organized under the laws of Canada with a place of business in Montreal, Quebec, Canada.

## FACTS

### A.    The Interplead Funds

11.     On or about July 25, 2002, LBL instituted an action (Civ. Action No. 02-5379-JD, hereinafter, the "LBL/APG Action") in the United States District Court for the Eastern District of Pennsylvania (this "Court") seeking to recover damages and other relief as a result of alleged breaches of a subcontract by APG-America, Inc. ("APG"), a sub-contractor of LBL in

connection with LBL's prime contract with US Airways for the construction of the perimeter wall of the new Philadelphia Airport terminal.

12.     On or about August 29, 2002, LBL filed an amended complaint with this Court adding Sentry Select Insurance Co. ("Sentry") as a defendant, asserting claims under two performance bonds that Sentry's predecessor in interest had issued on behalf of APG, as principal, in favor of LBL, as obligee, in connection with the construction project at the new Philadelphia Airport terminal.

13.     On or about September 7, 2006, this Court issued a Memorandum and an Order in the LBL/APG Action which Order provided that "the Court ENTERS JUDGMENT in FAVOR of plaintiff LBL Skysystems (USA), Inc. and AGAINST defendant APG-America, Inc. and Sentry Select Insurance Company in the amount of $1,566,381.00" (the "Judgment").

14.     Upon information and belief, the Judgment has become final and no party filed a notice of appeal from the Judgment.

15.     Upon information and belief, Sentry filed a *supersedeas* bond with this Court which filing was docketed on September 18, 2006 in the amount of $1,900,000.00.

16.     On or about October 25, 2006, Sentry filed an interpleader complaint against LBL, St. Paul, Solera/DCM, E&Y, Raymond Chabot, Linda Angello, as Commissioner of the New York State Department of Labor, Andrew W. Eristoff, as Commissioner of the New York State Department of Taxation and Finance, and Laurentian Bank, in which Sentry sought relief in interpleader against certain alleged competing creditors demanding payment under the Judgment. In conjunction with the Interpleader Action, Sentry also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin and restrain the above named parties from taking, initiating or continuing any action, or causing any other

person, office or official to take, initiate or continue any action that would result in the enforcement, levy or execution upon the Judgment (the "TRO Motion").

       17.    A Temporary Restraining Order was entered by this Court on October 26, 2006 (the "TRO").

       18.    Pursuant to a Stipulation and Order Granting Interpleader Relief, Directing Interpleader among Defendants and Setting Application for Plaintiffs' Fees and Expenses dated November 22, 2006 (the "Interpleader Order"), this Court granted interpleader relief in the Interpleader Action. Pursuant to the Interpleader Order, Sentry was directed to deposit with the law firm of Lavin, O'Neil, Ricci, Cedrone & Disipio, as Escrow Trustee, the sum of $1,743,367.32, plus per diem interest of $238.22 from November 9, 2006 to the date of deposit, that being the sum due under the Judgment.

       19.    Upon information and belief, on November 28, 2006, Sentry delivered a check to Lavin, O'Neil, Ricci, Cedrone & Disipio, as Escrow Trustee, in the sum of $1,747,893.50 representing the sum then due under the Judgment inclusive of post-judgment interest (the "Interpleaded Funds"), and a verified statement attesting to such deposit was filed with this Court on or about December 4, 2006.

**B.**    **Solera/DCM's Claim to the Interpleader Fund**

       20.    On or about September 29, 1999, the General Services Administration of the United States (the "GSA") entered into Contract No. GSA-02P-99-DTC-0006 with J.A. Jones Construction Group, LLC (f/k/a J.A. Jones-GMO LLC) ("Jones"), as contractor, to perform general construction services in connection with the construction of the New U.S. Courthouse, located as 225 Cadman Plaza East, Brooklyn, New York, including all work described therein as "Curtain Wall System" (the "Courthouse Project").

21.    On or about August 4, 2000, Jones subcontracted to LBL all work required by the GSA for the "Curtain Wall System" on the Courthouse Project.

22.    In January 2001, LBL contracted with Solera/DCM (the "Sub-Subcontract") to provide all labor, material, tools, and supervision for field erection of the "Curtain Wall System" required by the subcontract between LBL and the GSA.

23.    From September 4, 2001 until November 27, 2002, when LBL was terminated for cause by Jones, Solera/DCM fully and faithfully performed all field erection work required by the Sub-Subcontract, including all extras requested by Jones and LBL for the Project.

24.    For its work on the Sub-Subcontract, Solera/DCM billed LBL $8,021,040.00, of which only $3,880,962 was paid by LBL.

25.    On or about March 31, 2003, Solera/DCM commenced an action in the United States District Court for the Eastern District of New York styled *United States of America, for the use and benefit of Solera Construction, Inc. and DCM Erectors, Inc. a Joint Venture v. J.A. Jones Construction Group (f/k/a J.A. Jones - GMO, LLC), Fireman's Fund Insurance Company, Zurich-American Insurance Group and LBL Skysystems (U.S.A.), Inc.*, Civ. Action No. 03-1383 (the "Courthouse Action") seeking to recover damages stemming from LBL's failure to pay Solera/DCM the balance owed under the Sub-Subcontract.

26.    By Order of the United States District Court for the Eastern District of New York dated May 30, 2006, a copy of which is attached hereto as Exhibit A (the "Default Judgment Order"), default judgment was entered against LBL in the Courthouse Action, which order provides "it is hereby ORDERED and ADJUDGED that the United States of America, for the use and benefit of Solera Construction, Inc. and DCM Erectors, Inc., a Joint Venture, does recover of LBL, the defendant, residing at One Cumberland Avenue, Plattsburgh, New York,

12901, the sum of $2,860,810.84, the amount claimed, plus interest in the sum of $1,231,426.23,

as of May 19, 2006, amounting in all to the sum of $4,092,237.07, with cost and disbursements,

plus interest at the legal rate in effect on the date of this judgment; and that the plaintiff have

execution therefor." The Default Judgment Order further provided that the United States District

Court for the Eastern District of New York would retain jurisdiction. The Default Judgment

Order has become final and no party filed a notice of appeal from the Default Judgment Order.

27.    LBL has failed to pay Solera/DCM the amount owing pursuant to the

Default Judgment Order.

28.    After entry of the Default Judgment Order by the United States District

Court for the Eastern District of New York, Solera/DCM properly attempted to enforce its rights

under, and execute upon, the Default Judgment Order to perfect its interests in LBL's assets,

including, *inter alia*:

      (a)    the issuance of a Writ of Execution by the United States District Court for
the Eastern District of New York, a copy of which is attached hereto as
Exhibit B;

      (b)    registration of the judgment of the United States District Court for the
Eastern of New York in the Courthouse Action with the United States
District Court for the Eastern District of Pennsylvania on September 1,
2006 (Case No. 06-mc-00163). A praecipe for writ of execution was
entered on October 19, 2006 in favor of Solera/DCM against LBL and
forward to the U.S. Marshal Service on October 19, 2006. A copy of the
docket in Case No. 06-mc-00163 is attached hereto as Exhibit C.
Solera/DCM sought for the U.S. Marshal for the Eastern District of
Pennsylvania to attach the assets of LBL within its jurisdiction in
satisfaction of the writ, including the *supesedeas* bond.

29.    On or about October 20, 2006, St. Paul commenced a declaratory

judgment action against LBL and Solera/DCM in the United States District Court for the Eastern

District of New York (the "Declaratory Judgment Complaint") seeking a declaratory judgment

that St. Paul's security interest in LBL's assets is perfected and has priority over any interest of

Solera/DCM against LBL and further seeking an order enjoining Solera/DCM from taking any further actions to enforce its judgment against LBL.  A copy of the Declaratory Judgment Complaint is attached hereto as Exhibit D.

30.     Pursuant to paragraph 9 of the Declaratory Judgment Complaint, St. Paul asserted that venue properly lay with the United States District Court for the Eastern District of New York because a substantial part of the events giving rise to St. Paul's claims occurred in the judicial district of New York.

31.     On October 31, 2006, after the commencement of the Interpleader Action and entry of the TRO by this Court, St. Paul filed a Notice of Voluntary Dismissal with the United States District Court for the Eastern District of New York seeking to voluntarily dismiss the Declaratory Judgment Complaint.  The United States District Court for the Eastern District of New York entered an order dismissing the Declaratory Judgment action on November 3, 2006.

32.     As a result of the actions taken by St. Paul and the commencement of the Interpleader Action and issuance of the TRO, Solera/DCM has been unable to execute on the assets of LBL, including the *supersedeas* bond, and enforce the judgment granted pursuant to the Default Judgment Order.

**C.     Interests of Other Defendants in the Interpleader Action**

(i)     LBL

33.     Pursuant to the Default Judgment Order, LBL is indebted to Solera/DCM in the amount of $4,092,237.07, with cost and disbursements, plus interest at the legal rate in effect on the date of the judgment, and such amount is immediately due and payable.

34.     Under applicable law, Solera/DCM is entitled to the proceeds of the Judgment including the Interpleaded Funds.

(ii)    Raymond Chabot, Inc.

35.    Upon information and belief, Raymond Chabot is the trustee of the estate of LBL Skysystems Corporation, the Canadian corporate parent of LBL, which is subject to insolvency proceedings in Canada.

36.    By Solemn Declaration dated November 1, 2006, of Jean Gagnon on behalf of Raymond Chabot, Raymond Chabot, as trustee of the estate of LBL Skysystems Corporation, has declared it has no claim to the proceeds of the Judgment and therefore no interest in the Interpleaded Funds. A copy of the Solemn Declaration is attached hereto as Exhibit E.

(iii)    Ernst & Young, Inc.

37.    Upon information and belief, E&Y was appointed as interim receiver of the property of LBL Skysystems Corporation in its insolvency proceedings in Canada.

38.    As interim receiver for LBL Skysystems Corporation, E&Y has no claim to the proceeds of the Judgment distinct from LBL Skysystems Corporation, which claim has been disavowed by Raymond Chabot. As a result, E&Y has no claim to the proceeds of the Judgment and therefore no interest in the Interpleaded Funds.

39.    E&Y has opted not to participate in the Interpleader Action.

(iv)    Laurentian Bank

40.    Upon information and belief, Laurentian Bank filed a Uniform Commercial Code Financing Statement with the Secretary of State for the State of New York on or about February 10, 2000, naming LBL as the debtor (the "Laurentian UCC-1"). A copy of the Laurentian UCC-1 is attached hereto as Exhibit F.

41.    Upon information and belief, Laurentian Bank failed to file a continuation statement with the Secretary of State for the State of New York within the five (5) years required by applicable New York Law for the filing of continuation statements. As a result, any security interest that Laurentian Bank had in the assets of LBL is extinguished and is therefore junior in priority to the interest of Solera/DCM pursuant to the Declaratory Judgment Order and the enforcement procedures undertaken by Solera/DCM to perfect its security interest in the assets of LBL and the Interpleaded Funds.

42.    Laurentian Bank has decided not to participate in the Interpleader Action.

(v)    The New York Department of Labor

43.    Upon information and belief, the New York Department of Labor obtained a judgment against LBL on or about June 19, 2006, in the amount of $1,039.00.

44.    Upon information and belief, the New York Department of Labor's judgment against LBL was satisfied as evidenced by a Satisfaction of Judgment dated June September 12, 2006, a copy of which is attached hereto as Exhibit G.

(vi)    The New York Department of Taxation and Finance

45.    Upon information and belief, the New York State Tax Commissioner obtained a tax lien against LBL on September 22, 2005, in the amount of $19,621.00.

46.    The New York Department of Taxation and Finance has decided not to participate in this Interpleader Action.

(vii)    St. Paul Guarantee Insurance Company

47.    Lessard Beacage Lemieux Inc., LBL Skysystems Inc., Fonds De Solidarite Des Travailleurs Du Quebec (F.T.Q.) and Compagnie D'Assurance London Garantie are allegedly parties to an agreement in French styled "Indemnity and Security Agreement" dated as

of April 16, 1998, which purports to grant certain security rights to Compagnie D'Assurance London Garantie. St. Paul has not provided a certified translation of this agreement.

48.    Upon information and belief, a UCC-1 Financing Statement was recorded with the New York Department of State on November 4, 2002, over four years after the purported execution of the "Indemnity and Security Agreement" naming LBL Skysystems (U.S.A.), Inc. as debtor and London Guarantee Insurance Company as the secured party, a copy of which is attached hereto as Exhibit H.

49.    St. Paul has failed to submit any evidence in the St. Paul Cross-Claims in support of its allegation that London Guarantee Insurance Company is a predecessor of St. Paul.

50.    St. Paul was not the surety for LBL on the Philadelphia Airport project.

51.    St. Paul has failed to allege any facts in the St. Paul Cross-Claims that St. Paul was the surety for LBL on any project.

52.    St. Paul has failed to allege any facts in the St. Paul Cross-Claims that LBL is indebted to St. Paul.

53.    In the absence of any further evidence, Solera/DCM's interest in the Interpleaded Funds arising from the Default Judgment Order and the enforcement procedures undertaken by Solera/DCM to perfect its security interest in the assets of LBL and the Interpleaded Funds is superior to the alleged and unsubstantiated claims and security interests of St. Paul.

## JUDGMENT IN FAVOR OF SOLERA/DCM FOR INTERPLEADED FUNDS

54.    Solera/DCM repeats and re-alleges the allegations set forth in paragraphs 1 through 53 of this Solera/DCM Cross-Claim as if fully set forth herein.

55.    Solera/DCM is entitled to the Interpleaded Funds as a result of the debt owed by LBL pursuant to the Default Judgment Order, which debt exceeds the amount of the Interpleaded Funds.

WHEREFORE, Solera/DCM respectfully requests entry of an order in favor of Solera/DCM and against all other defendants to the Interplreader Action awarding the Interpleaded Funds to Solera/DCM and directing the holder of the Interpleaded Funds to disburse such Interpleaded Funds to Solera/DCM and for such other and further relief as this Court deems appropriate.

Dated: January 8, 2007

        /s/ Elliott Tolan, Esq.
Elliott Tolan, Esq. (ET 15268)
42 South 15th Street
Robinson Building - Suite 1420
Philadelphia, PA 19102
Tel: (215) 563-8170

-and-

Ray L. LeFlore, Esq. (admitted pro hac vice)
250 East 40th Street
New York, NY 10016
Tel: (212) 867-0204
Fax: (212) 599-2719

-and-

Edward J. Henderson, Esq. (admitted pro hac vice)
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

Attorneys for Defendants Solera Construction, Inc. and DCM Erectors, Inc., a Joint Venture

7093949